UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | 2:18-cr-286-RCJ-BNW |
| JEREMY SOFFE, | ) ) | ORDER |
| Defendant. | ) ) ) | |

Defendant moves this Court to recommend to the Bureau of Prisons (BOP) that he spend the maximum amount of time allowable in a "community correctional facility" such as a Resident Reentry Center (RRC). The Government does not oppose this motion. The Court declines to make this recommendation holding the BOP is better suited to make this determination.

### LEGAL STANDARD

The BOP has discretion to designate the facility in which a prisoner serves his sentence. 18 U.S.C. § 3621(b). In making this determination, the BOP must consider five factors, one of which is "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." *Id.* § 3621(b). The BOP may allow a prisoner to serve up to the last twelve months of his sentence in an RRC. 18 U.S.C. § 3624(c)(1).

Combining these statutes, courts have held that they may recommend that the BOP allow an eligible defendant to serve the final months of his sentence in an RRC. *See, e.g.*, *United States v. Parlin*, No. 214CR299JCMCWH, 2019 WL 5268542, at *2 (D. Nev. Oct. 17, 2019).[1] A court may make such recommendations at any time. *See United States v. Ceballos*, 671 F.3d 852, 856 n.2 (9th Cir. 2011).

## ANALYSIS

Even though the Government does not oppose the motion, the Court declines to recommend the BOP allow Defendant to spend the rest of his prison sentence in an RRC. Assuming, *arguendo*, that the BOP must consider the Court's recommendation and that Defendant is eligible to serve the remainder of his sentence in such a manner, the Court finds the basis for his request inadequate. He posits that he has been performing well in prison, while taking numerous courses to better himself. He further posits that he seeks reentry to spend more time with his family, including his two daughters. While laudable, these factors do not merit special treatment. Good behavior in prison is demanded—not rewarded. And many prisoners find themselves in the same situation as Defendant—separated from their loved ones.

In declining to make this recommendation, the Court is also not recommending against Defendant finishing his sentence in an RRC. The statute states that placement in an RRC shall be done to the extent practicable, and the Court is merely recognizing the fact that the BOP is in the best position to make this determination.

///

///

///

---

[1] The proposition that the BOP must consider such a recommendation is dubious. Section 3624(c)(2) mandates that the BOP place an inmate in an RRC. Indeed, a court's recommendation of an RRC under § 3624(c)(2) seems pointless as the BOP must do so "to the extent practicable."

**CONCLUSION**

IT IS HEREBY ORDERED that Motion for Sentence Recommendation (ECF No. 107) is DENIED.

IT IS SO ORDERED.

Dated May 9, 2022.

_____
ROBERT C. JONES
United States District Judge